128 November 19, 2025 No. 1000

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Patty Lou SHELBY,
*Petitioner-Respondent,*
*and*

Nolan SHELBY, Jr.,
*Respondent-Appellant.*

Jackson County Circuit Court
22DR13866; A184367

Lorenzo A. Mejia, Judge.

Argued and submitted August 27, 2025.

George W. Kelly argued the cause and filed the briefs for appellant.

Jamie L. Hazlett argued the cause and filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Reversed and remanded.

**O'CONNOR, J.**

Husband appeals from a general judgment of a dissolution of marriage, challenging the trial court's factual findings with respect to certain amounts of money and the resulting division of property. We reverse and remand for reconsideration.

*Background.* Undisputed evidence in the record establishes that in either 2019 or 2020, about three years before the parties separated, husband cashed out a retirement account with approximately $200,000. Husband spent $150,000 of the money from the account. At the time of the dissolution proceedings below, husband had around $22,000 in a checking account.

At the end of trial, the trial court ruled that it "believe[d] [that husband] absconded with $200,000 of retirement that probably should have been part of this divorce case, plus the 30-, plus the 22,000. So what I'm going to do is award the house to [w]ife, and she's going to get that, the whole thing, in lieu of spousal support." In the general dissolution judgment, the trial court memorialized that finding, explaining that "[h]usband had a retirement account with an approximate value of $200,000.00. Husband cashed out that account and absconded with the funds at the time of separation." The trial court awarded husband his remaining retirement accounts, awarded wife the house that the parties owned, and ruled that no other spousal support was necessary. The judgment also provides that it is just and equitable to award wife the house, consistent with the court's oral ruling.

*Standard of Review.* We decline to review *de novo*. We "review the trial court's determination of a 'just and proper' property division for an abuse of discretion. In doing so, we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Morgan and Morgan*, 269 Or App 156, 161, 344 P3d 81, *rev den*, 357 Or 595 (2015).

*First & Third Assignments of Error.* Husband argues that the trial court erred in finding that husband "absconded with the funds at the time of separation." We

conclude that the evidence in the record does not support that finding. The parties kept their finances separate during the marriage. Wife knew that husband had cashed out the account three years before the parties separated and she knew the amount. Wife and husband agreed in the trial court that husband spent $150,000 of the $200,000 during the marriage, prior to separation. Therefore, the trial court erred in finding that husband "absconded" with $200,000 at the time of separation because that finding was not supported by any evidence in the record.

Our conclusion on the first assignment of error also requires us to reverse on the third assignment of error. In that assignment, husband challenges the trial court's exercise of discretion in dividing the parties' property. The court's discretionary decision to award wife a greater share of the property in lieu of spousal support was an abuse of discretion, because it was based on an erroneous factual finding, as explained above. *Fine and Fine*, 272 Or App 307, 317-18, 355 P3d 198 (2015). Accordingly, we reverse and remand for the trial court to reconsider its decision.

*Second Assignment of Error.* Husband argues that the trial court erred when it found that husband had $52,000 in his bank accounts that should have been part of the dissolution proceeding. Husband's argument is based on the trial court's statement that "plus the 30-, plus the 22,000" should have been part of the proceeding. We conclude that the trial court referred to $22,000 in its findings, not $52,000. The trial court appears to have simply mistakenly begun to say "30" and then stopped and corrected itself to say "22,000," and was not referring to 30 plus 22. Thus, we reject husband's second assignment of error.

Reversed and remanded.